EUGENE FRANKLIN V. THE STATE.

No. 6060. Decided January 12, 1921.

**Selling Intoxicating Liquors—State Wide Prohibition—Accomplice—Purchaser.**

Under the so-called Dean Law, of the Thirty-Sixth Legislature, Sections 2, 31, and 36, the witnesses for the State would be *particeps criminis*, and a charge of the court upon accomplice testimony was necessary and the court's failure to do so is reversible error.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of selling intoxicating liquors under the so-called Dean Law; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—On question of accomplice testimony: Gilbert v. State, 186 S. W. Rep., 324; Bell v. State,. 137 id., 675; Fleming v. State, 139 id., 598.

*Alvin M. Owsley,* Assistant Attorney General, for the State. Cited Creech v. State, 158 S. W. Rep., 282; Mann v. State, 221 S. W. Rep., 297.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of selling, bartering and exchanging to A. R. Newman spirituous, vinous and intoxicating liquor and malt liquor and medicated bitters capable of producing intoxication.

The evidence for the State shows it was whisky that was sold to Newman as set out in the indictment. The alleged purchaser Newman was used as a witness on the trial and testified that about the first of March, 1920, Mr. Lunney and witness bought whisky from Eugene Franklin; that they bought either a quart or a half gallon; that he did not recollect specifically the amount; that Mr. Lunney gave the appellant the money and he brought the whisky in the shop to them. "I drank that whisky; it was intoxicating. I don't think I had any conversation with the defendant about the transaction, but Mr. Lunney and I bought the whisky together. I was in the shop at the time the defendant delivered the whisky to us. I saw him bring it in the shop and deliver it. Appellant was paid fifteen dollars a quart for the whisky we bought from him. Mr. Lunney and I bought the whisky from the defendant and paid him for it." On cross-examination he testifies to another transaction in which they bought whisky from appellant, and that he himself bought whisky from appellant and paid fifteen dollars for his part. This witness' testimony is all that was introduced on the trial. The question is properly raised as to the failure of the court to charge with reference to accomplice testimony. This should have been done under Secs. 2, 31 and 36 of the Dean law as found in the First and Second Called Sessions of the Thirty-sixth Legislature. It is specifically provided that under the law this witness, under the circumstances to which he testified, would be guilty of a violation of the Dean law and could be punished the same as appellant. They were *particeps criminis.* Under the general law as well this witness would be an accomplice. Because of the failure of the court to charge with reference to accomplice testimony, and by reason of the further fact that there was no attempt to corroborate the witness, the judgment must be reversed. Under the evidence this conviction could not be sustained unless there was corroboration of the witness who testified in the case. This would be so whether we look to the Dean law or the general statutes.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*